IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC E. WILLIAMS, )
                                          )
    Petitioner, )
v.                               )    Civil Action No. 3:15CV770–HEH
                                          )
ERIC D. WILSON, )
                                          )
    Respondents. )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 for Want of Jurisdiction)

Eric E. Williams, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition ("2241 Petition," ECF No. 1). Williams pled guilty to possession of a firearm by a convicted felon and this Court sentenced him to 188 months of incarceration. *See United States v. Williams*, No. 3:07CR123–HEH, 2011 WL 6842991, at *1 (E.D. Va. Dec. 29, 2011.) By Memorandum Opinion and Order entered on December 29, 2011, the Court denied a 28 U.S.C. § 2255 motion filed by Williams. *See*

---

[1] That statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless—
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

*id.* at *3. In his § 2241 Petition, Williams challenges the sentence imposed by this Court. Williams raises the following claims:[2]

Claim One: "The new Supreme Court case in *Johnson v. United States* [, 135 S. Ct. 2551 (2015)] . . . felon in possession of a firearm in violation of 18 U.S.C. § 922(g) 'residual clause' is unconstitutionally vague." (§ 2241 Pet. 7–8.)

Claim Two: "[T]he residual clause denied fair notice to defendant and invites arbitrary enforcement by judges to increasing a defendant's sentence under a clause that denies due process of law." (*Id.* at 8.)

For the reasons stated below, the action will be dismissed for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the

---

[2] The Court corrects the capitalization, spelling, and punctuation and adds emphasis in the quotations from Williams's submissions.

2

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*,

---

[3] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted).

The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B.     Analysis of Williams's 28 U.S.C. § 2241 Petition

Williams fails to satisfy the second prong of *In re Jones. See id.* at 334. Specifically, Williams fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Williams stands convicted, being a felon in possession of a firearm, remains a crime. While Williams attempts to avail himself of *Johnson*, that decision provides him no relief. As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator

4

> has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S. Ct. at 2555 (citation omitted) (emphasis added). The Armed Career Criminal Act defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Id.* at 2557. However, *Johnson* is inapplicable to Williams's conviction and sentence.

As aptly explained by the Fourth Circuit in denying Williams authorization for file a successive § 2255 motion, "Williams' reliance on *Johnson v. United States*, 135 S. Ct. 2551 (2015), is misplaced because he was sentenced as an armed career criminal on the basis of prior felony drug offenses." *See United States v. Williams*, 3:07CR123–HEH (E.D. Va. June 17, 2016) (ECF No. 84, at 1.)[5] Thus, *Johnson* fails to invalidate

---

[5] Williams had *six* prior serious drug convictions: (1) in 1999, he was convicted of possession with the intent to distribute marijuana and received three years of incarceration; (2) in 2001, he was convicted of two counts of distribution of marijuana, one count of distribution of cocaine, and one count of possession with the intent to distribute marijuana and received ten years, twenty years, and two more sentences of ten years, respectively; (3) in 2002, he was convicted of possession with the intent to distribute marijuana and received five years of incarceration; and,

5

Williams's conviction and resulting sentence. As explained above, Williams cannot demonstrate that the conduct of which he stands convicted, being a felon in possession of a firearm, is no longer criminal. Accordingly, the Court will dismiss Williams's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
Date: Sept 19, 2016          HENRY E. HUDSON
Richmond, Virginia         UNITED STATES DISTRICT JUDGE

---

(4) in 2004, he was convicted of possession of marijuana and received 12 months of incarceration. Presentence Report ¶¶ 27, 30–31, 45, *Williams*, No. 3:07CR123–HEH (E.D. Va. filed Feb. 22, 2012).

6